IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE JOHNSON,

    Petitioner,

v.                                                      Case No. 4:15cv222-RH/CAS

JULIE L. JONES,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On April 7, 2015, Petitioner Willie Johnson, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On October 22, 2015, Respondent filed a motion to dismiss Petitioner's § 2254 petition as an unauthorized successive petition, with exhibits. ECF No. 14. On December 18, 2015, Petitioner filed a reply, arguing that his petition is not successive because he was resentenced in 2013. ECF No. 17. On January 7, 2016, this Court issued an order directing Respondent to file an amended motion to dismiss that addressed Petitioner's resentencing argument. ECF No. 18. On April 8, 2016, Respondent filed an amended motion to dismiss Petitioner's § 2254 petition as untimely, with

exhibits. ECF Nos. 21-22. On May 10, 2016, Petitioner filed an amended reply. ECF No. 23.

## Procedural Background

On February 7, 1983, the State charged Petitioner by indictment with first degree murder, in violation of section 782.04, Florida Statutes, and sexual battery with a deadly weapon, contrary to section 794.011(3), Florida Statutes. Ex. A[1] at 1-2. On August 24, 1983, a jury found Petitioner guilty of first degree murder and sexual battery with great force. Ex. B at 1016-17. After a sentencing hearing was held on November 17, 1983, Petitioner was sentenced to two consecutive life sentences and was required to serve twenty-five years before being eligible for parole pursuant to section 775.082, Florida Statutes. Ex. D at 5. The sentencing documents, however, included a checked box under a section titled "Special Provisions," allowing the trial court to retain jurisdiction over the defendant for twenty-five years pursuant to section 947.16(3), Florida Statutes. Ex. Q at 37.

On March 6, 1984, Petitioner appealed his conviction. Ex. E. On July 26, 1984, the First District Court of Appeal (DCA) affirmed Petitioner's

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's amended motion to dismiss, ECF. No 22.

conviction per curiam without a written decision. Ex. H; Johnson v. State, 453 So.2d 1366 (Fla. 1st DCA 1984) (table). The mandate issued August 13, 1984. Ex. H at 2.

On December 2, 1985, Petitioner filed a motion for post-conviction relief. Ex. EE. On December 9, 1985, the trial court denied this motion. Ex. FF. Petitioner did not file any other post-conviction motions until September 26, 2003. Ex. I at 1-19. Between September 26, 2003, and August 3, 2012, Petitioner filed multiple post-conviction motions and appeals, as well as a federal habeas petition. See Exs. I-P. Petitioner was not granted any relief in these proceedings. See id.

On August 3, 2012, Petitioner filed a motion to correct illegal sentence. Ex. Q at 1-21. In this motion, Petitioner alleged, among other things, that the special provision allowing the trial court to retain jurisdiction over Petitioner for twenty-five years was improper. Id. at 4 (alleging that "a trial court is without statutory authority to retain jurisdiction over a life sentence"). The State, in its reply, conceded that the twenty-five year retention of jurisdiction was improper. Id. at 23-24. Despite twenty-five years already having passed, the post-conviction court granted Petitioner's motion on the ground that the retention of jurisdiction was improper, striking

that provision from Petitioner's judgment. *Id.* at 30. The court denied Petitioner's motion on each other ground. *Id.* at 30-33.

Petitioner appealed this order on June 17, 2013. Ex. X. On November 13, 2013, the First DCA affirmed the case per curiam without a written decision. Ex. Y; Johnson v. State, 129 So. 3d 1072 (Fla. 1st DCA 2013) (table). The mandate issued January 28, 2014. Ex. BB.

Before filing the instant § 2254 petition, Petitioner filed an application with the Eleventh Circuit, requesting leave to file a second or successive habeas corpus petition. Ex. CC. The Eleventh Circuit denied Petitioner's application. Ex. DD.

As indicated above, Petitioner filed this § 2254 petition on April 7, 2015. ECF No. 1. On April 8, 2016, Respondent filed an amended motion to dismiss Petitioner's § 2254 petition as untimely, with exhibits. ECF Nos. 21-22. On May 10, 2016, Petitioner filed an amended reply. ECF No. 23.

## Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The limitations

period is tolled for the time during which a "properly filed" application for post-conviction relief is pending in state court. *Id.* § 2244(d)(2).

A judgment becomes final for federal habeas purposes upon expiration of the 90-day time period in which a defendant may seek direct review of his conviction in the United States Supreme Court, regardless of whether such review is actually sought. Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) (concluding that conviction does not become "final" for purposes of § 2255(f)(1) until 90-day period for seeking certiorari expires, even if prisoner does not petition for such review).

For a prisoner whose conviction became final prior to the AEDPA's enactment, the one-year limitations period starts on the date it was enacted, April 24, 1996. Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998). Accordingly, those prisoners would have until April 23, 1997, to file a federal habeas petition, absent any tolling. *Id.*

The Eleventh Circuit has held that a judgment, for habeas purposes, is based on a prisoner's conviction and sentence. Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007). Specifically, the AEDPA focuses on "the judgment which holds the petitioner in confinement." *Id.* at 1294. Accordingly, the one-year limitations period can restart if a prisoner is resentenced. *Id.* ("Therefore, AEDPA's statute of limitations begins to

run from the date both the conviction *and* the sentence the petitioner is serving at the time he files his application become final . . . .").

The Eleventh Circuit has held that a prisoner receives a new judgment "where a state court corrects a *legal error* in an initial sentence, and imposes a new sentence that is *substantively different* than the one originally imposed." Patterson v. Sec'y, Dep't of Corr., 812 F.3d 885, 891 (11th Cir. 2016) (emphasis added), *petition for cert. filed,* __ U.S.L.W. __ (U.S. May 31, 2016) (No. 15-1463).  The Eleventh Circuit has also discussed when certain alterations of a sentence do not result in a new judgment.  *See* United States v. Portillo, 363 F.3d 1161, 1164-65 (11th Cir. 2004) (holding that correction of a minor clerical error that did not fundamentally alter the sentence did not amount to resentencing).  Courts "may correct 'clerical' errors in the written judgment . . . to ensure that the judgment is in accord with the oral sentence."  *Id.* (citing United States v. Bates, 213 F.3d 1336, 1340 (11th Cir. 2000)).

In this case, Petitioner was sentenced on October 17, 1983, before the effective date of the AEDPA.  Ex. D.  Absent any tolling of time, Petitioner would have had until April 23, 1997, to file a § 2254 petition. Goodman, 151 F.3d at 1337.  After his post-conviction motion in 1985, Petitioner did not file any post-conviction motions until September 26, 2003.

Ex. I at 1-19. Accordingly, no time was tolled, and Petitioner's one-year limitations period expired on April 23, 1997. Any habeas petition submitted after that date would be untimely.

Petitioner contends that his limitations period restarted because he was resentenced in 2013. ECF No. 1 at 15. He contends that his sentence was reduced when the condition retaining jurisdiction over him for twenty-five years was stricken from his original sentence. *Id*. He asserts that retention of jurisdiction enhanced his sentence, and striking that condition imposed a substantively different sentence because it "imposed a less harsher sentence [sic]." *Id.*

Petitioner's correctly contends that the trial court's retention of jurisdiction over a portion of his life sentence was improper. Stettler v. State, 475 So.2d 1009, 1009 (Fla. 1st DCA 1985); Clark v. State, 489 So.2d 1166, 1166 (Fla. 1st DCA 1985) (holding that, regarding a life sentence, "it is impossible to calculate the length of time over which jurisdiction is retained"). The imposition of this condition, however, was due to a clerical error. At the sentencing hearing, the trial judge said, in pertinent part:

> Accordingly, for the crime of murder in the first degree of Eleniece Sanders, it is the judgment of the Court and sentence of the law that you be committed to the Department of Corrections for the period of your natural life, and pursuant to

>  Section 775.082, Florida Statutes, you shall be required to serve twenty-five years before being eligible for parole.

Ex. D at 5.  The trial judge did not make any oral statements regarding retention of jurisdiction, or section 947.16(3), Florida Statutes, at the sentencing hearing.  *See id.*  In the sentencing documents, however, the box next to a special provision was checked, allowing the trial court to retain jurisdiction over Petitioner for "review of any Parole Commission release order for the period of 25 years" pursuant to section 947.16(3), Florida Statutes.  Ex. Q at 37.  It is reasonable to conclude that the inclusion of this special provision was a clerical error.  The oral pronouncement of the sentence should control.  Portillo, 363 F.3d at 1165 ("Where a sentence that is pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement controls.") (citing United States v. Ridgeway, 319 F.3d 1313, 1315 (11th Cir. 2003).

Further, the correction of the clerical error was inconsequential and did not constitute a resentencing.  *See* Portillo, 363 F.3d at 1165.  In reversing a trial court's retention of jurisdiction for twenty-five years in order to limit parole, the Supreme Court of Florida found that the condition "effectively [was] moot" because the defendant would not be eligible for parole for twenty-five years.  Hallman v. State, 560 So.2d 223, 228 (Fla. 1990).  The instant case involves the same scenario.  The clerical error

imposing this condition did not fundamentally alter Petitioner's sentence. In fact, the condition had no effect on Petitioner's sentence, and striking it did not amount to a "substantively different" sentence. *See, e.g.,* Portillo, 363 F.3d at 1164-65; Patterson, 812 F.3d at 891. Accordingly, Petitioner was not resentenced in 2013, and his one-year limitations period did not restart. The instant § 2254 petition was filed after April 23, 1997, and it is untimely.

Further, Petitioner has previously filed a § 2254 petition that was dismissed. Exs. O, P. As Petitioner was not resentenced, the instant petition is successive under 28 U.S.C. § 2244(b). The AEDPA requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

Petitioner filed an application with the Eleventh Circuit, requesting leave to file a second or successive habeas corpus petition. Ex. CC. The Eleventh Circuit found that Petitioner "failed to make a *prima facie* showing of the existence of either of the grounds set forth in § 2244(b)(2)," and

denied his application. Ex. DD. Therefore, as Petitioner filed the instant petition without authorization, it cannot be considered by this Court. <u>Farris</u>, 333 F.3d at 1216. Accordingly, it must be dismissed.

## Conclusion

When the condition retaining jurisdiction over Petitioner was stricken from his original sentence, it did not amount to a resentencing. Therefore, the AEDPA one-year limitations period did not restart, and the instant § 2254 petition is untimely. Further, Petitioner was denied authorization to file a successive § 2254 petition, so the instant petition cannot be considered by this Court. Accordingly, it must be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S.

473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is respectfully **RECOMMENDED** that Respondent's amended motion to dismiss (ECF No. 21) be **GRANTED** and Petitioner's § 2254 petition (ECF No. 1) be **DISMISSED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 9, 2016.

**S/    Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**