IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE JOHNSON,

    Petitioner,

v.                                                   CASE NO. 4:15cv222-RH/CAS

JULIE L. JONES,

    Respondent.

_____/

## ORDER DENYING THE PETITION AND
## GRANTING A CERTIFICATE OF APPEALABILITY

    By petition for a writ of habeas corpus under 28 U.S.C. § 2254, Willie Johnson challenges a state-court conviction entered more than 30 years ago. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 24. The recommendation is to dismiss the petition as successive and untimely.

    Mr. Johnson has filed untimely objections to the report and recommendation and has moved to accept them as timely. This order grants the motion. I have reviewed de novo the issues raised by the objections.

A person in custody based on a state-court judgment may petition for relief from the judgment under § 2254. But a person may file a second or successive § 2254 petition challenging the same judgment only if the court of appeals authorizes the filing. *See* 28 U.S.C. § 2244(b)(3). And even a first petition must be filed within a one-year limitations period. *Id.* § 2244(d)(1). The period runs from one of four triggers. The trigger in this case is "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The report and recommendation correctly concludes that this is Mr. Johnson's second petition challenging the same judgment and that he filed the petition long after expiration of the limitations period.

This order adopts as the court's opinion the report and recommendation's analysis of these issues, with this additional explanation.

A jury convicted Mr. Johnson in 1983. Mr. Johnson lost his direct appeal in 1984. The deadline for filing a petition for a writ of certiorari passed later that year. The one-year limitations period for a federal habeas petition expired in 1997—one year after the enactment of the Antiterrorism and Effective Death Penalty Act, which included the limitations period quoted above.

Mr. Johnson filed a § 2254 petition in this court in 2009. The court dismissed the petition as untimely in 2010. Mr. Johnson did not appeal.

Mr. Johnson filed in the state trial court in 2012 a motion to correct the sentence. In 2013, the trial court rejected the motion except in one respect: the court struck an inconsequential provision of the judgment of conviction under which the court retained jurisdiction over Mr. Johnson's sentence for 25 years. As a practical matter, the provision could not—and as it turned out, did not—affect Mr. Johnson in any way. The court did not enter a new judgment.

Mr. Johnson appealed. The appellate court affirmed by order issued on January 30, 2014. Mr. Johnson moved for rehearing. The court denied the motion on March 21, 2014. The court issued its mandate on April 8, 2014. The deadline to file a certiorari petition in the United States Supreme Court was June 19, 2014—90 days after entry of the order denying rehearing. Neither side filed a certiorari petition.

As explained in the report and recommendation, the order striking the inconsequential provision of the judgment was not a new judgment for purposes of the restriction on second or successive petitions challenging the same judgment or for purposes of the statute of limitations. The striking of the provision thus did not allow Mr. Johnson to file a second § 2254 petition without authorization from the court of appeals and did not open a new one-year limitations period.

But one could reasonably assert the contrary based on *Patterson v. Secretary, Department of Corrections*, 812 F.3d 885, 891 (11th Cir. 2016), *pet. for*

*cert. filed*, No. 15-1463 (U.S. May 31, 2016).  *Patterson* was a 2-1 decision that reversed my order in circumstances similar to—but in my view distinguishable from—this case.  *Patterson* held that the striking of a provision for chemical castration constituted a new judgment—even though the court did not enter a new judgment but only issued an order, favorable to the defendant, deleting a provision of the existing judgment—and that this allowed the filing of a § 2254 petition that otherwise would have been second or successive.

The difference between *Patterson* and this case is this.  The provision that was struck in *Patterson* constituted punishment—if carried out, the provision would have made the sentence worse than it would otherwise have been.  The provision that was struck here, in contrast, made no difference in the punishment that the court imposed.  With or without the provision, the punishment was and would always have been the same.  In other circumstances, retaining jurisdiction could matter; it would allow the trial court to review a decision by the parole commission to release the defendant.  But here retaining jurisdiction for 25 years—a term included in the written judgment, probably through a clerical error, but not mentioned in the oral pronouncement of sentence—could never matter; the defendant was not eligible for parole for the same 25 years.  The provision was of no consequence.

If, however, this analysis is rejected—if *Patterson* is deemed controlling here—the result would change. This is so because if the order striking part of the judgment were deemed to itself constitute a new judgment, the current § 2254 petition would be Mr. Johnson's first challenging the new judgment. And on that view the petition would be timely, because the order striking part of the judgment became final on June 19, 2014. Mr. Johnson filed this petition in this court in April 2015—two months *before* the deadline that would apply based on *Patterson*. If *Patterson* is deemed applicable, this decision should be reversed.

Applying *Patterson* here—allowing Mr. Johnson to assert now claims that could and should have been brought in the 1980s, and on which finding evidence pro or con will now be extraordinarily difficult—would constitute a remarkable departure from the system Congress sought to establish. Reasonable arguments can be made on both sides of many questions relating to the proper application of § 2244. But it is hard to argue that Congress intended to allow a person in Mr. Johnson's position to present claims like these decades after the claims could and should have been brought.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Johnson has made the required showing on the issue of whether the order striking part of the original judgment constituted a new judgment under the law of the circuit. And at least at this stage of the proceeding—based on the substantive allegations on which issue has not been joined—Mr. Johnson has stated a valid claim of the denial of a constitutional right. Mr. Johnson alleges, for

example, that his attorney rendered ineffective assistance by failing to investigate physical evidence collected at the scene of the crimes and that the prosecutor failed to turn over exculpatory information. *See* Pet., ECF No. 1, at 35-36. This order grants a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The motion, ECF No. 27, to accept as timely the objections to the report and recommendation is granted.

2. The report and recommendation, ECF No. 24, is accepted and adopted as the court's further opinion except on the issue of a certificate of appealability.

3. The clerk must enter judgment stating, "The petition is denied as successive and untimely."

4. A certificate of appealability is granted on this issue: whether the state court's order striking the provision in the judgment of conviction retaining jurisdiction constituted a new judgment for purposes of 28 U.S.C. § 2244(b)(3) and (d)(1)(A).

5. Leave is granted to proceed on appeal *in forma pauperis*.

6. The clerk must close the file.

SO ORDERED on August 4, 2016.

            s/Robert L. Hinkle
            United States District Judge